UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL STEPHENS,<br>Petitioner,<br>v.<br>J. SCHULTZ, et al.,,<br>Respondents. | No. 2:24-cv-02467-DAD-EFB (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THE PETITION WITHOUT PREJUDICE</u><br><br>(Doc. No. 17) |

Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 23, 2024. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On September 19, 2025, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed without prejudice to petitioner's filing of a civil rights action under 42 U.S.C. § 1983. (Doc. No. 17.) Specifically, the magistrate judge concluded that petitioner was serving an indeterminate term of life in state prison and was seeking to challenge state laws and practices governing the granting of parole in California which, if successful, would not accelerate his release from confinement but merely obtain for him a new parole hearing. (*Id.* at 2.) The magistrate judge correctly concluded that such challenges fell outside the core of habeas corpus and should be dismissed. (*Id.*)

Those findings and recommendations herein were served on petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days. On September 29, 2025, petitioner filed objections to the findings and recommendations. (Doc. No. 18.) On October 6, 2025, petitioner supplemented those objections. (Doc. No. 19.) After submitting a request and a notice, on September 29, 2026, petitioner filed another supplement. (Doc. Nos. 20, 21, 22.) In his various submissions, all of which have been considered by the undersigned, petitioner argues that he should not be required to file a civil rights action, seemingly conceding that he has been found ineligible to proceed *in forma pauperis* in such actions because he has suffered three or more dismissals of prior actions he has brought that qualify as strikes under 28 U.S.C. § 1915(g). (Doc. No. 19 at 1.) However, the fact that petitioner would be required to pay the filing fee associated with a civil rights action provides no legal basis upon which the court should reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc) (holding that claims fall outside "the core of habeas corpus" if success will not necessarily lead to immediate or earlier release from confinement).

In addition, the court declines to issue a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability should issue if the prisoner can show: (1) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling; and (2) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

/////

The court concludes that reasonable jurists would not find the court's dismissal of the petition without prejudice to be debatable, wrong, or deserving of encouragement to proceed further.

Accordingly:

1. The September 19, 2025 findings and recommendations (Doc. No. 17) are adopted in full;
2. The petition for writ of habeas corpus is dismissed without prejudice to the filing of a civil rights action;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: **November 24, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE